(July 29, 1996)

■ Giselle Bando-Twomey, Appellant, v Leonard L. Richheimer, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, et al., Third-Party Defendant. [646 NYS2d 155] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), dated May 16, 1995, as, upon a jury verdict on the issue of liability, and upon denying that branch of her motion at trial which was for judgment as a matter of law against the defendant Leonard L. Richheimer on the issue of liability, is in favor of the defendant Leonard L. Richheimer and against her dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion at trial which was for judgment as a matter of law against the defendant Leonard L. Richheimer on the issue of liability is granted, the plaintiff is awarded judgment as a matter of

law against the defendant Leonard L. Richheimer on the issue of liability, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The stopped vehicle in which the plaintiff was a passenger was struck in the rear by an automobile driven by the defendant Leonard L. Richheimer. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the offending vehicle and imposes a duty of explanation on that operator *(see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635). Under the circumstances of this case, the testimony that the vehicle in which the plaintiff was riding suddenly stopped in traffic was insufficient to rebut the inference of negligence *(see, Leal v Wolff, supra; Barile v Lazzarini, supra; Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Accordingly, it was error to deny that branch of the plaintiff's motion at trial which was for judgment as a matter of law against the defendant Leonard L. Richheimer on the issue of liability *(see, Fiore v Zaldo,* 216 AD2d 522; *Gambino v City of New York,* 205 AD2d 583; *Cohen v Terranella,* 112 AD2d 264).

While it is unnecessary to address the plaintiff's remaining contentions, we note that the court erred in excluding the defendant's MV-104 motor vehicle accident report from evidence *(see, Castellano v Citation Cab Corp.,* 35 AD2d 842). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.