■ DULIA MERISCA, Respondent, v TONY D. ALFORD, Appellant, et al., Defendants. [663 NYS2d 853] —In an action to recover damages for personal injuries, the defendant Tony D. Alford appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated February 14, 1997, as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not suffer serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Tony D. Alford for summary judgment is granted, and the complaint is dismissed insofar as asserted against him.

On his cross motion for summary judgment, the appellant

made a prima facie showing that the plaintiff did not suffer serious injury as defined by Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955, 956). The affirmation of the plaintiff's treating physician was deficient in several respects and, therefore, insufficient to raise a triable issue of fact as to whether the plaintiff suffered serious injury in the underlying accident. For example, although he stated that the plaintiff suffered a herniated and a bulging disc, the physician did not state that he had performed any objective medical tests to determine that the plaintiff suffered from a herniated disc. "Conclusions, even of an examining doctor, which are unsupported by acceptable objective proof, are insufficient to defeat a motion for summary judgment directed to the threshold issue of whether the plaintiff has suffered serious physical injury" (*Antoniou v Duff,* 204 AD2d 670; *see, Lincoln v Johnson,* 225 AD2d 593, 593-594; *Giannakis v Paschilidou,* 212 AD2d 502, 503). The treating physician's diagnosis appears to have been based upon his review of an unsworn medical report prepared by another doctor, upon which the plaintiff cannot rely, since a sworn copy of this report was not attached to the treating physician's affirmation (*see, Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267).

Moreover, although it was stated that the plaintiff suffered restricted movement of her trunk, her treating physician failed to specify the degree of restriction of movement suffered (*see, Wilkins v Cameron,* 214 AD2d 557, 558; *Stallone v County of Suffolk,* 209 AD2d 403; *Iglesias v Inland Freightways,* 209 AD2d 479, 480), and the objective tests performed to determine such restriction of movement (*see, Lincoln v Johnson, supra; Giannakis v Paschilidou, supra*). Finally, the treating physican's affirmation was prepared more than five years since he last examined the plaintiff (*see, Schultz v Von Voight,* 216 AD2d 451, 452, *affd* 86 NY2d 865; *Philpotts v Petrovic,* 160 AD2d 856, 857). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.