■ Rosa Hernandez, Appellant, v Zoila E. Cruz et al., Defendants, and Vincenzo DiCiero et al., Respondents. [691 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, and by a stipulation dated October 8, 1998, from (1) so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 3, 1998, as granted the plaintiff's motion for partial summary judgment against the respondents on the issue of liability, (2) so much of an order of the same court, dated August 18, 1998, as granted the motion of the respondents for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102, and (3) so much of an order and judgment (one paper) of the same court, entered September 8, 1998, as was in favor of the plaintiff and against the respondents.

Ordered that the appeals from the order dated August 3, 1998, and the order and judgment entered September 8, 1998, are dismissed, as the plaintiff is not aggrieved thereby; and it is further,

Ordered that the order dated August 18, 1998, is affirmed

insofar as appealed from, so much of the order dated August 3, 1998, as granted the plaintiff's motion for partial summary judgment is vacated, the plaintiff's motion is denied, so much of the order and judgment entered September 8, 1998, as is in favor of the plaintiff and against the respondents is vacated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an amended order and judgment dismissing the complaint as against all of the defendants; and it is further,

Ordered that the respondents are awarded one bill of costs.

The respondents, moving for summary judgment, made a prima facie showing that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). The plaintiff's papers submitted in opposition to the motion failed to establish a question of fact as to the issue of serious injury. The sole competent proof submitted by the plaintiff, in addition to her own affidavit, was the affidavit of her chiropractor. However, insofar as it contained conclusory language and none of the supporting medical records or reports were tendered in admissible form (see, Merisca v Alford, 243 AD2d 613), the plaintiff failed to raise a triable issue of fact as to whether she suffered serious injury in the subject accident.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.