■ YLISSA SEKULER, Plaintiff, v LIMNOS TAXI, INC., et al., Appellants, and BETTS CAB CORP. et al., Respondents. [694 NYS2d 100] —In an action to recover damages for personal injuries, the defendants Limnos Taxi, Inc., and Mohammed A. Hossain appeal from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), entered September 23, 1998, as granted that branch of the motion of the defendants Betts Cab Corp. and Hamed Dosso which was for summary judgment on their cross claim on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the offending vehicle and imposes a duty of explanation on that operator (*see, Bando-Twomey v Richheimer*, 229 AD2d 554, 555; *Leal v Wolff*, 224 AD2d 392, 393; *Benyarko v Avis Rent A Car Sys.*, 162 AD2d 572, 573).

The defendant Hamed Dosso was not negligent in applying his brakes when the drivers of the cars in front of him applied

their brakes. Accordingly, the explanation of the defendant Mohammed A. Hossain that he hit the rear of Dosso's vehicle because Dosso stopped short was insufficient to defeat the motion for summary judgment (*see, Escobar v Rodriguez,* 243 AD2d 676; *Bando-Twomey v Richheimer, supra,* at 555; *Leal v Wolff, supra,* at 393-394). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.