■ JESSICA BRANT, Plaintiff, v SENATOBIA OPERATING CORP. et al., Appellants, and EDMOND LEM, Respondent. [703 NYS2d 245] —In an action to recover damages for personal injuries, the

defendants Senatobia Operating Corp. and Claude Boucicault appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 5, 1999, as granted that branch of the motion of the defendant Edmond Lem which was for summary judgment dismissing all cross claims asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The vehicle operated by the defendant Edmond Lem, which had come to a complete stop, was struck in the rear by an automobile operated by the defendant Claude Boucicault, in which the plaintiff was a passenger. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the offending vehicle and imposes a duty of explanation on that operator (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Leal v Wolff,* 224 AD2d 392; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Boucicault's testimony at his examination before trial that the Lem vehicle suddenly stopped in traffic was insufficient to rebut the inference of negligence (*see, Bando-Twomey v Richheimer, supra; Leal v Wolff, supra*). Accordingly, that branch of the motion of the defendant Edmond Lem which was for summary judgment dismissing all cross claims asserted against him was properly granted. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.