■ TESA TARNOFSKY, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GEORGE LAGOUDES et al., Third-Party Defendants-Appellants. (Action No. 1.) MARITZA FERNANDEZ, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 2.) FRANCINE LABARBARA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and GEORGE LAGOUDES et al., Appellants. (Action No. 3.) GINA PRIVRACKY, Respondent, v GEORGE LAGOUDES et al., Appellants, et al., Defendants. (Action No. 4.) MICHELE PECORA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY/MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Defendants and GEORGE LAGOUDES et al., Appellants. (Action No. 5.) BRIAN SWEENEY, Respondent, v GEORGE LAGOUDES et al., Appellants, et al., Defendants. (Action No. 6.) LISA ACCA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and GEORGE LAGOUDES et al., Appellants. (Action No. 7.) ALEXANDER BALTOWSKI, Plaintiff, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Defendants. (Ac-

tion No. 8.) Jo-Ann C. Ruggiero, Respondent, v New York City Transit Authority et al., Defendants, and George Lagoudes et al., Appellants. (Action No. 9.) Gina Bocchino, Respondent, v New York City Transit Authority et al., Defendants, and Wall Street Pen and Stationers et al., Appellants. (Action No. 10.) [708 NYS2d 163] —In ten related actions to recover damages for personal injuries, etc., George Lagoudes and Wall Street Pen and Stationers, third-party defendants in Action No. 1 and defendants in Actions Nos. 3, 4, 5, 6, 7, 9, and 10, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 23, 1999, as denied their motion for summary judgment dismissing the third-party complaint in Action No. 1 and the complaints in Action Nos. 3, 4, 5, 6, 7, 9, and 10 insofar as asserted against them.

Ordered that the appeal in Action No. 3 is deemed withdrawn pursuant to stipulation dated April 12, 2000; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents New York City Transit Authority and Lisa Acca.

The injured plaintiffs were passengers in one of two New York City Transit Authority buses during a chain-reaction collision between the two buses and a van. In his examination before trial, the appellant George Lagoudes, the driver of the van, admitted that he partially pulled into the left lane, designated under the traffic regulations for use by buses and certain taxi cabs, and came to a stop at a 45-degree angle. He testified that he took that action to avoid contact with another vehicle which was stopped ahead of him in the middle lane. He admitted that there was no traffic blocking his progress in the left or express bus lane. Moreover, he admitted that several other vehicles had negotiated their way past the originally obstructing vehicle without coming to a stop. A few seconds after the van came to a stop in the express bus lane, a Transit Authority bus was caused to come to an emergency stop and only avoided a collision with the van by the space of about one foot. The driver of a second bus, behind the first, was not successful in stopping after observing the first bus stop short. The second bus struck the rear of the first bus, propelling it into the van.

The Supreme Court properly denied the motion of the appellants, the driver and owner of the van, for summary judgment on the issue of liability. The respondents have established an issue of fact as to whether the appellant van driver was

unreasonably stopped at a 45 degree angle in a lane in which his vehicle should not have been traveling, which would rebut the prima facie case of negligence on the part of the operator of a vehicle which strikes a stopped vehicle from the rear (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Leal v Wolff,* 224 AD2d 392). Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.