■ PETER H. KACHUBA, Appellant, v A & G CLEANING SERVICE, INC., Respondent. [709 NYS2d 851] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 2, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, the owner of a stopped vehicle struck by the plaintiff's vehicle, established its prima facie entitlement to summary judgment. A rear-end collision with a stopped vehicle establishes a prima facie case of liability against the moving vehicle and imposes a duty of explanation on its driver (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Gladstone v Hachuel,* 225 AD2d 730; *Leal v Wolff,* 224 AD2d 392). The plaintiff, the driver of the moving vehicle, failed to provide a non-negligent explanation for the accident. The plaintiff's deposition testimony established that he breached his duty to maintain a reasonably safe distance between his vehicle and the cars ahead of him and to be aware of traffic conditions (*see, Johnson v Phillips,* 261 AD2d 269, 270; *Sass v Ambu Trans,* 238 AD2d 570; *Bando-Twomey v Richheimer, supra*). The Supreme Court properly concluded that the plaintiff's failure to observe traffic conditions and maintain a safe distance was the proximate cause of the accident (*see, DeAngelis v Kirschner,* 171 AD2d 593; *Somerall v New York Tel. Co.,* 74 AD2d 302, *revd on other grounds* 52 NY2d 157; *Miller v Sinram Marnis Oil Co.,* 8 Misc 2d 1041). Sullivan, J. P., McGinity, H. Miller and Smith, JJ., concur.