■ Joseph Longhito, Appellant, v Lee A. Klein, Respondent. (Action No. 1.) Hans Rudolph, Appellant, v Joseph Longhito, Respondent, and Lee A. Klein, Appellant-Respondent. (Action No. 2.) Robert Bartoli, Appellant, v Joseph Longhito,

Respondent, and Lee A. Klein, Appellant-Respondent. (Action No. 3.) [708 NYS2d 721] —In three related actions to recover damages for personal injuries, (1) Joseph Longhito, the plaintiff in Action No. 1, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 23, 1999, as granted that branch of the motion of the defendant Lee A. Klein which was for summary judgment dismissing the complaint in that action on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), (2) Robert Bartoli, the plaintiff in Action No. 3, separately appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendant Lee A. Klein which was for summary judgment dismissing the complaint insofar as asserted against her in that action upon the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), (3) Lee A. Klein, a defendant in Actions Nos. 2 and 3, separately appeals, as limited by her brief, from so much of the same order as granted the motion of the codefendant Joseph Longhito for summary judgment on the issue of liability and dismissed her cross claims against him in those actions, and (4) Hans Rudolph, the plaintiff in Action No. 2, separately appeals from stated portions of the same order.

Ordered that the appeal by Hans Rudolph, the plaintiff in Action No. 2, is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Joseph Longhito, Robert Bartoli, and Lee A. Klein, without costs or disbursements.

In support of her motion for summary judgment dismissing the complaints in Actions Nos. 1 and 3, the defendant Lee A. Klein submitted medical evidence which established that the plaintiffs in those actions did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). The medical evidence which the plaintiffs in those actions submitted in opposition to the summary judgment motion failed to raise any triable issues of fact (see, CPLR 3212 [b]). Accordingly, the Supreme Court properly dismissed the complaints in Actions Nos. 1 and 3.

The Supreme Court also properly dismissed Klein's cross claim against the codefendant Joseph Longhito in Action No. 2. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle, and imposes a duty on him or her to explain how

the accident occurred (*see, Brant v Senatobia Operating Corp.,* 269 AD2d 483; *Levine v Taylor,* 268 AD2d 566; *Leal v Wolff,* 224 AD2d 392). Contrary to Klein's contention, her deposition testimony that the Longhito vehicle suddenly stopped short in traffic was insufficient to rebut the presumption that she was negligent (*see, Brant v Senatobia Operating Corp., supra*; *Levine v Taylor, supra*; *Baron v Murray,* 268 AD2d 495). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.