*591 OPINION OF THE COURT
Memorandum.
Order reversed without costs, defendant’s motion for summary judgment granted, and complaint dismissed.
Defendant made a prima facie case showing that plaintiff Titus Toriola did not sustain a “serious injury” within the meaning of Insurance Law § 5102. The court below properly determined that plaintiffs medical submissions were insufficient to raise any issues of fact. The affidavit of plaintiff’s chiropractor, Dr. Scott Leist, either failed to quantify the degree of movement (see, Thompson v Cochran, 253 AD2d 871; Wilkins v Cameron, 214 AD2d 557) or failed to state which objective tests were performed to determine restriction of movement (see, DiNunzio v County of Suffolk, 256 AD2d 498; Merisca v Alford, 243 AD2d 613; Lincoln v Johnson, 225 AD2d 593). Moreover, Dr. Leist’s conclusion that the accident “caused and exacerbated restriction of motion in [plaintiff’s] lumbar spine” was apparently based on an annexed unsworn MRI report from another doctor, as well as two other reports which were not attached to Dr. Leist’s affidavit, and upon which plaintiff cannot rely (see, Williams v Hughes, 256 AD2d 461; Merisca v Alford, supra; Friedman v U-Haul Truck Rental, 216 AD2d 266).
Contrary to the court’s determination, plaintiff’s evidentiary proof was also insufficient to raise any issues of fact as to whether he sustained a medically determined injury which precluded him from performing substantially all of his daily and customary activities for at least 90 of the 180 days following the occurrence of the accident. While plaintiff alleged that he was confined to his house for approximately five months, and was unable to perform his duties as a truck driver for seven months after the accident, plaintiff has failed to provide competent medical evidence which would link his inability to work with the injuries sustained as a result of the accident (see, DiNunzio v County of Suffolk, supra; Traugott v Konig, 184 AD2d 765).