■ ALEKSANDR ROZENGAUZ et al., Respondents, v LOK WING HA, Appellant. [720 NYS2d 181] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated February 24, 2000, which granted the plaintiffs' motion for summary judgment on the issue of liability, and (2) an order of the same court, dated May 5, 2000, which denied his cross motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Gennadiy Sivash and Aleksandr Zaks.

Ordered that the orders are reversed, on the law, with costs,

the motion is denied, the cross motion is granted, and the complaint is dismissed insofar as asserted by the plaintiffs Gennadiy Sivash and Aleksandr Zaks.

This action was commenced to recover damages for personal injuries sustained by each of the plaintiffs in a two-vehicle collision with the defendant's vehicle. The plaintiffs moved for summary judgment on the issue of liability on the ground that their vehicle was stopped in traffic when it was hit in the rear by the defendant's vehicle. Thereafter, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Gennadiy Sivash and Aleksandr Zaks on the ground that neither sustained a serious injury as defined by Insurance Law § 5102 (d). The Supreme Court granted the plaintiffs' motion and denied the defendant's cross motion.

"A rear-end collision with a stopped vehicle establishes a prima facie case of liability against the moving vehicle and imposes a duty of explanation on its driver (*see, Bando-Twomey v Richheimer,* 229 AD2d 554; *Gladstone v Hachuel,* 225 AD2d 730; *Leal v Wolff,* 224 AD2d 392)" (*Kachuba v A & G Cleaning Serv.,* 273 AD2d 277). Here, the plaintiffs established, prima facie, that they were entitled to summary judgment on the issue of liability based on their affidavits that their vehicle was stopped in traffic when it was struck in the rear by the defendant's vehicle. Thus, the burden shifted to the defendant to come forward with a non-negligent explanation for the accident. Contrary to the determination of the Supreme Court, the defendant's explanation that the accident occurred when the plaintiffs' vehicle cut in front of his raised a triable issue of fact sufficient to defeat the plaintiffs' motion (*see, Green v Hong Lee Trading,* 263 AD2d 445). Thus, the plaintiffs were not entitled to summary judgment on the issue of liability.

The Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Sivash and Zaks on the ground that they did not sustain a serious injury in the collision (*see,* Insurance Law § 5102 [d]). The plaintiffs concede that the defendant is entitled to summary judgment as against the plaintiff Sivash on this issue. With respect to the plaintiff Zaks, the defendant established a prima facie case that he did not sustain a serious injury in the subject collision (*see, Gaddy v Eyler,* 79 NY2d 955), and the evidence submitted on his behalf was insufficient to raise a triable issue of fact. In his affidavit, Zaks' treating physician improperly relied upon an unsworn medical report prepared by another physician (*see, Decayette v*

*Kreger Truck Renting,* 260 AD2d 342; *Williams v Hughes,* 256 AD2d 461; *Merisca v Alford,* 243 AD2d 613). He also failed to indicate any objective tests that he performed in determining that Zaks suffers from restrictions of range of motion in the lumbar area *(see, Perovich v Liotta,* 273 AD2d 367; *Harewood v Aiken,* 273 AD2d 199; *Decayette v Kreger Truck Renting, supra; Merisca v Alford, supra).* In addition, the expert did not specifically quantify the loss of range of motion *(see, Merisca v Alford, supra; Wilkins v Cameron,* 214 AD2d 557; *Stallone v County of Suffolk,* 209 AD2d 403). O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.