■ TYRAN R. MOHAN, Respondent, et al., Plaintiff, v GEORGE P. PUTHUMANA, Appellant. [754 NYS2d 902] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 4, 2002, as granted the cross motion of the plaintiff Tyran Russel Mohan for summary judgment dismissing the counterclaim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the counterclaim is reinstated.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead * * * or any other reasonable cause" (*Filippazzo v Santiago,* 277 AD2d 419; *see Leal v Wolff,* 224 AD2d 392). Here, the plaintiff Tyran Russell Mohan (hereinafter the plaintiff) established, prima facie, that he was entitled to summary judgment on the issue of liability based on his deposition testimony that he was making a left-hand turn when his vehicle was struck in the rear by the defendant's vehicle. Thus, the burden shifted to the defendant to come forward with a nonnegligent explanation for the accident. Contrary to the determination of the Supreme Court, the defendant's explanation that the accident occurred when the plaintiff's vehicle cut in front of his raised a triable issue of fact sufficient to defeat the plaintiff's cross motion (*see Rozengauz v Lok Wing Ha,* 280 AD2d 534; *Green v Hong Lee Trading,* 263 AD2d 445). Thus, the plaintiff was not entitled to summary judgment dismissing the counterclaim. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.