■ MARIE DICKIE, Appellant, v PEI XIANG SHI et al., Respondents. [759 NYS2d 141] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated May 8, 2002,

which denied her motion for summary judgment on the issue of liability, and granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

While the defendants established their prima facie entitlement to summary judgment by submitting evidence indicating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kallicharan v Sooknanan,* 282 AD2d 573 [2001]; *Santoro v Daniel,* 276 AD2d 478 [2000]), the plaintiff met her burden of demonstrating an issue of fact as to whether she sustained a serious injury (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]).

In addition, we find that the plaintiff was entitled to summary judgment on the issue of liability. A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the offending vehicle and imposes a duty of explanation on that operator (*see Sekuler v Limnos Taxi,* 264 AD2d 389 [1999]; *Bando-Twomey v Richheimer,* 229 AD2d 554 [1996]). Here, the plaintiff established a prima facie case of negligence by submitting her own affidavit that her vehicle was struck from behind by the defendants' vehicle when her vehicle came to a stop at an intersection. The defendants' explanation that the plaintiff's vehicle came to an abrupt or sudden stop in traffic is insufficient to rebut the inference of negligence (*see e.g. Sekuler v Limnos Taxi, supra; Bando-Twomey v Richheimer, supra; Leal v Wolff,* 224 AD2d 392 [1996]; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833 [1985]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.