■ MAQBOOL HUSSAIN, Appellant, v MANHATTAN CABLE T.V. et al., Respondents. [764 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 20, 2002, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment is denied, and the complaint is reinstated.

The plaintiff allegedly was injured when his vehicle collided with a truck owned by the defendant Manhattan Cable T.V., and operated by the defendant Rose Wardell. The Supreme

Court granted the defendants' motion for summary judgment dismissing the complaint. We reverse and reinstate the complaint.

In opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law on the issue of liability, the plaintiff raised a triable issue of fact as to whether the accident occurred after the defendants' vehicle cut him off (*see Rozengauz v Lok Wing Ha,* 280 AD2d 534, 535 [2001]; *Figueroa v Cadbury Util. Constr. Corp.,* 239 AD2d 285 [1997]). The plaintiff's opposition established that there is no support in the record for the defendants' contention that the plaintiff's vehicle struck the rear of their vehicle while it was stopped in traffic. To the contrary, the evidence shows that the front passenger side of the plaintiff's vehicle collided with the front driver's side of the defendants' vehicle.

Moreover, the defendants failed to establish their entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a medically-determined injury of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Onder v Kaminski,* 303 AD2d 665 [2003]; *DeSimone v Mejia,* 283 AD2d 454 [2001]; *Polizzi v Won Jun Choi,* 264 AD2d 830 [1999]). Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.