■ NINA E. COMISKEY et al., Appellants, v ANTHONY E. PISANO et al., Respondents. [781 NYS2d 157]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated February 9, 2004, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment on the issue of liability is granted.

A rear-end collision with a stopped vehicle establishes a prima facie case of liability against the moving vehicle and imposes a duty of explanation on its driver (*see Kachuba v A & G Cleaning Serv.*, 273 AD2d 277 [2000]; *Sekuler v Limnos Taxi*, 264 AD2d 389 [1999]; *Bando-Twomey v Richheimer*, 229 AD2d 554, 555 [1996]; *Leal v Wolff*, 224 AD2d 392, 393 [1996]). In this case, the injured plaintiff, Nina E. Comiskey, submitted an affidavit in which she stated that the vehicle she was driving was stopped behind a vehicle at an intersection when her vehicle was struck in the rear by the defendants' vehicle. The plaintiffs thus made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability (*see Dickie v Pei Xiang Shi*, 304 AD2d 786, 787 [2003]; *Girolamo v Liberty Lines Tr.*, 284 AD2d 371, 372 [2001]; *cf. Rozengauz v Lok Wing Ha*, 280 AD2d 534, 535 [2001]). The defendants, in response, only submitted an affirmation of counsel, in which counsel stated that the defendants had no good faith basis on which to oppose the motion for summary judgment on the issue of liability. Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

The defendants' remaining contentions pertain to branches of the plaintiffs' motion that the Supreme Court did not decide in the order appealed from. Thus, we do not address them here (*see Katz v Katz*, 68 AD2d 536 [1979]). Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.