■ JACQUELINE McCONNELL et al., Plaintiffs, and WILLIAM MILLER, Respondent, v GAOUSSOU OUEDRAOGO et al., Defendants, and BBV II CORP., Doing Business as BETTER BUGGY CAR RENTAL, et al., Appellants. [805 NYS2d 418]—

In an action to recover damages for personal injuries, the defendants BBV II Corp., doing business as Better Buggy Car Rental, and Stanley C. Johashen appeal from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated April 16, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff William Miller on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated January 28, 2005, which denied their motion, in effect, for leave to renew.

Ordered that the order dated April 16, 2004, is reversed, on the law, the motion for summary judgment is granted, and the complaint insofar as asserted against the defendants BBV II Corp., doing business as Better Buggy Car Rental, and Stanley C. Johashen by the plaintiff William Miller is dismissed; and it is further,

Ordered that the appeal from the order dated January 28, 2005, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants BBV II Corp., doing business as Better Buggy Car Rental, and Stanley C. Johashen.

The Supreme Court erred in denying the appellants' motion for summary judgment. The appellants made a prima facie

showing through the deposition testimony of the plaintiff William Miller (hereinafter the plaintiff) and the affirmed medical report of their expert that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Grant v Fofana,* 10 AD3d 446 [2004]). In opposition, the affirmation of the plaintiff's physician was insufficient to raise a triable issue of fact. There was an unexplained gap in time between the plaintiff's treatment in 1999 and the physician's subsequent examination of the plaintiff in 2004 (*see Pommells v Perez,* 4 NY3d 566 [2005]). Although the plaintiff's physician indicated that the plaintiff exhibited limitations in motion at the subsequent examination, the physician failed to indicate the objective medical tests he used in arriving at such determination (*see Ersop v Variano,* 307 AD2d 951 [2003]; *Carroll v Jennings,* 264 AD2d 494 [1999]). Further, the plaintiff's physician's diagnosis and opinion was based upon unsworn magnetic resonance imaging reports not properly before the court (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]; *D'Amato v Mandello,* 2 AD3d 482 [2003]; *Williams v Hughes,* 256 AD2d 461 [1998]; *Merisca v Alford,* 243 AD2d 613 [1997]).

Moreover, the plaintiff's statement that he was unable to return to work for six months following the accident was not based upon any competent medical evidence supporting his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the appellants were entitled to summary judgment dismissing the complaint insofar as asserted against them by the plaintiff. Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.