■ ANNA MADATOVA, Appellant, v MARAT MADATOV, Respondent. [811 NYS2d 760]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated June 1, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant failed to meet his initial burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant's examining orthopedist noted in his affirmed medical report that the plaintiff, inter alia, had a torn right rotator cuff as evinced by magnetic resonance imaging examination of the plaintiff's right shoulder taken approximately one month after the accident. Notably, the report of the defendant's examining orthopedist merely stated, concerning range of motion testing, that shoulder movements were "intact" when testing abduction, forward flexion, and internal and external rotation. The defendant's examining orthopedist did not quantify these results or compare them to the normal range of motion (*see Aronov v Leybovich,* 3 AD3d 511, 512 [2004]). The defendant's other examining doctor, a neurologist, never addressed the plaintiff's right shoulder in his examination. Thus, the defendant's proof failed to objectively demonstrate that the plaintiff did not sustain a serious injury to her right shoulder as a result of the subject accident. Since the defendant failed to meet his prima facie burden, the sufficiency of the plaintiff's opposition papers need not be considered (*see Facci v Kaminsky,* 18 AD3d 806 [2005]; *Rich-Wing v Baboolal,* 18 AD3d 726 [2005]; *Aronov v Leybovich, supra*). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.