■ THOMAS M. CONNORS, Appellant, v MARITZA FLAHERTY et al., Respondents. [822 NYS2d 555]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated March 23, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the complaint is reinstated.

A motor vehicle operated by the plaintiff struck the rear of a

motor vehicle operated by the defendant Clotilde Sepulveda and owned by the defendant Maritza Flaherty, while both vehicles were proceeding westbound along Atlantic Avenue in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries against the defendants and, after discovery was completed, the defendants moved for summary judgment dismissing the complaint, arguing that they were free from negligence as a matter of law and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff cross-moved for summary judgment on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102. The Supreme Court granted the motion and denied the cross motion. We modify by denying the motion and reinstating the complaint.

In her affidavit submitted in support of the motion, Sepulveda averred that the defendants' vehicle was stopped at the moment of impact, and that she was thus free from negligence as a matter of law. At his deposition, however, the plaintiff testified that, as he proceeded in the left westbound lane of Atlantic Avenue, the defendants' vehicle, while making a U-turn, cut him off as it moved from the center lane of Atlantic Avenue into the left lane, less than one car length ahead of him. He also testified that the defendants' vehicle was moving at the time of impact. In opposition to the defendants' motion, the plaintiff also submitted the police accident report, which contained a transcribed statement from Sepulveda admitting that she was in the process of making a U-turn at the moment immediately before the impact.

''A rear-end collision with a stopped vehicle establishes a prima facie case of liability against the moving vehicle and imposes a duty of explanation on its driver'' (*Rozengauz v Lok Wing Ha*, 280 AD2d 534, 535 [2001], quoting *Kachuba v A & G Cleaning Serv.*, 273 AD2d 277, 277 [2000]; *see Ayach v Ghazal*, 25 AD3d 742, 743 [2006]; *Russ v Investech Sec.*, 6 AD3d 602, 602 [2004]; *Belitsis v Airborne Express Frgt. Corp.*, 306 AD2d 507, 508 [2003]; *Dickie v Pei Xiang Shi*, 304 AD2d 786, 787 [2003]). Here, the defendants established, prima facie, that they were entitled to summary judgment on the issue of liability, based on the affidavit of Sepulveda that the defendants' vehicle was stopped in traffic when it was struck in the rear by the vehicle operated by the plaintiff. The burden then shifted to the plaintiff to come forward with an explanation for the accident. Contrary to the determination of the Supreme Court, the plaintiff's explanation that the accident occurred when the defendants' vehicle switched lanes, cutting in front of his vehi-

cle, and attempting to make an illegal U-turn, and that the defendants' vehicle was still moving at the moment of impact, raised triable issues of fact sufficient to defeat the defendants' motion (*see Hussain v Manhattan Cable T.V.*, 308 AD2d 433, 434 [2003]; *Rozengauz v Lok Wing Ha, supra* at 535; *Green v Hong Lee Trading*, 263 AD2d 445 [1999]; *Galitsis-Orengo v MCL Imports*, 251 AD2d 285 [1998]; *Figueroa v Cadbury Util. Constr. Corp.*, 239 AD2d 285 [1997]).

In addition, the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports of the defendants' examining physicians failed to specify the degrees of range of motion in the plaintiff's cervical spine (*see Madatova v Madatov*, 27 AD3d 531 [2006]), and only specified the degrees of range of motion with respect to two types of movement of the plaintiff's lumbar spine, without comparing these findings to the normal range of motion (*see Aronov v Leybovich*, 3 AD3d 511, 512 [2004]). The defendants have thus left the court to speculate as to the significance of the numerical results they did report. Since the defendants failed to meet their initial burden of establishing a prima facie case, the sufficiency of the plaintiff's opposition papers need not be considered in connection with the defendants' motion (*see Paulino v Dedios*, 24 AD3d 741, 741-742 [2005]; *Aronov v Leybovich, supra*).

Thus, the defendants were not entitled to summary judgment dismissing the complaint.

On the plaintiff's cross motion, his submissions were insufficient to establish his entitlement to judgment as a matter of law on the issue of serious injury. Viewing the evidence in the light most favorable to the defendants in connection with the plaintiff's cross motion, the affidavit of the plaintiff's most recent treating chiropractor failed to disprove, as a matter of law, the existence of a 7 1/2-year gap in treatment, and does not explain the reason for any such discontinuity in treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Vasquez v Reluzco*, 28 AD3d 365 [2006]; *McConnell v Ouedraogo*, 24 AD3d 423, 424 [2005]). The Supreme Court thus properly denied the plaintiff's cross motion.

In light of the foregoing, we need not consider the plaintiff's remaining contentions. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.