■ John C. Oguzturk et al., Respondents, v General Electric Company et al., Appellants. [885 NYS2d 343]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 2009, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

A motor vehicle owned by the defendant General Electric Company and operated by the defendant Richemond Dumond struck the rear of a vehicle operated by the plaintiff John Oguzturk while both vehicles were proceeding westbound in the left lane of the Long Island Expressway in Woodbury. Oguzturk and his wife commenced this action, inter alia, to recover damages for personal injuries resulting from the accident. Prior to the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability.

A "rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, nonnegligent explanation for the accident" (*Foti v Fleetwood Ride, Inc.,* 57 AD3d 724, 724 [2008]; *see Hughes v Cai,* 55 AD3d 675 [2008]; *Arias v Rosario,* 52 AD3d 551, 552 [2008]; *Harrington v Kern,* 52 AD3d 473 [2008]). The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability, based on Oguzturk's affidavit, in which he stated that his vehicle was stopped in traffic when it was struck in the rear by the defendants' vehicle. The burden then shifted to the defendants to come forward with a nonnegligent explanation for the accident. Contrary to the determination of the Supreme Court, Dumond's explanation, that the accident occurred after the plaintiff's vehicle suddenly, and without signaling, moved from the center lane into the left lane directly in

front of Dumond's path and then slowed down, raised a triable issue of fact sufficient to defeat the plaintiffs' motion (*see Connors v Flaherty,* 32 AD3d 891, 892-893 [2006]; *Briceno v Milbry,* 16 AD3d 448, 448-449 [2005]; *Mohan v Puthumana,* 302 AD2d 437 [2003]; *Rozengauz v Lok Wing Ha,* 280 AD2d 534, 535 [2001]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.