■ IMMANUEL FRAZIER, Respondent, v HERTZ VEHICLES, LLC, et al., Appellants. [910 NYS2d 384]—

In an action to recover damages for personal injuries, the defendant Hertz Vehicles, LLC, appeals, as limited by its brief,

from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 27, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Hardy Prosper separately appeals, as limited by his brief, from so much of the same order as denied his separate motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendants met their respective burdens of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that the vehicle driven by the defendant Hardy Prosper and owned by the defendant Hertz Vehicles, LLC (hereinafter Hertz), was making a left turn from the center turning lane when it was struck in the rear by the plaintiff's vehicle (*see Hughes v Cai*, 55 AD3d 675 [2008]; *Mohan v Puthumana*, 302 AD2d 437 [2003]). In opposition, the plaintiff, who had no recollection of the accident, through the affidavit of a nonparty witness, raised triable issues of fact as to whether Prosper was negligent and thereby contributed to the happening of the accident (*see Oguzturk v General Elec. Co.*, 65 AD3d 1110 [2009]; *Mohan v Puthumana*, 302 AD2d 437 [2003]). While an affidavit submitted in reply by Hertz from that same nonparty witness contradicted that witness's earlier affidavit in several respects, that did not render him incredible as a matter of law, but raised an issue as to his credibility to be resolved by the factfinder (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *Rivera v State of New York*, 19 AD3d 1030, 1031 [2005]). Accordingly, the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them were properly denied. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.