■ EVELYN CAMARILLO, Respondent, v JOSE SANDOVAL et al., Defendants, JOSE L. NAVARRO, Appellant, and GIOVANNI RODRI-GUEZ et al., Respondents. [933 NYS2d 906]—

The plaintiff allegedly was injured when a car driven by the defendant Giovanni Rodriguez, in which she was a passenger, struck the rear of a car driven by the defendant Jose L. Navarro. Navarro moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion, and we affirm.

"A rear-end collision with a stopped or stopping vehicle cre-ates a prima facie case of negligence with respect to the opera-tor of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, non-negligent explanation for the accident" (*Oguzturk v General Elec. Co.*, 65 AD3d 1110, 1110 [2009] [internal quotation marks omitted]; *see Carman v Arthur J. Edwards Mason Contr. Co., Inc.*, 71 AD3d 813 [2010]; *Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 724 [2008]; *Hughes v Cai*, 55 AD3d 675 [2008]). Here, al-though Navarro testified at his deposition that he was traveling

in the same lane for 19 or 20 blocks before he stopped completely at a red light and was rear-ended by Rodriguez's vehicle, the plaintiff's deposition testimony, submitted by Navarro in support of his motion, was that Navarro was traveling in an adjacent lane and swerved in front of Rodriguez's vehicle before quickly coming to a stop. In light of the plaintiff's testimony, the defendant failed to eliminate all triable issues of fact (*see Scheker v Brown*, 85 AD3d 1007 [2011]; *Reitz v Seagate Trucking, Inc.*, 71 AD3d 975 [2010]; *Oguzturk v General Elec. Co.*, 65 AD3d at 1110-1111; *Guerra v Cantos*, 38 AD3d 714 [2007]; *Briceno v Milbry*, 16 AD3d 448 [2005]; *Mohan v Puthumana*, 302 AD2d 437 [2003]; *Rozengauz v Lok Wing Ha*, 280 AD2d 534 [2001]). Contrary to Navarro's contention, the plaintiff's testimony was not incredible as a matter of law, and any inconsistencies in her testimony raise an issue of credibility that must be resolved by the factfinder (*see Frazier v Hertz Vehs., LLC*, 78 AD3d 767, 768 [2010]; *see generally Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]).

Accordingly, the Supreme Court properly denied Navarro's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Skelos, J.P., Hall, Lott and Cohen, JJ., concur.