■ Jose Martinez, Appellant, v Griselda Martinez et al., Respondents, et al., Defendants. [941 NYS2d 189]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Miller, J.), entered December 13, 2010, as granted the motion of the defendants Griselda Martinez and Mia Li Martinez for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the motion of the defendants Griselda Martinez and Mia Li Martinez for summary judgment dismissing the complaint insofar as asserted against them is denied.

On September 10, 2005, the plaintiff allegedly was injured while riding his bicycle, when his bicycle struck the rear of a car driven by the defendant Mia Li Martinez and owned by the defendant Griselda Martinez (hereinafter together the defendants) while traveling on Willoughby Avenue, a one-way street. During the pendency of this action to recover damages for personal injuries, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.

Vehicle and Traffic Law § 1231 provides: "Every person riding a bicycle . . . upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title, except as to special regulations in this article and except as to those provisions of this title which by their nature can have no application."

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Scheker v Brown*, 85 AD3d 1007 [2011]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]; *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see also* Vehicle and Traffic Law § 1129 [a]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]).

In support of their motion for summary judgment, the defendants submitted the deposition testimony of Mia Li Martinez, which indicated that her vehicle was stopped on Willoughby Avenue approximately 100 feet from an intersection with Stuyvesant Avenue at the time the plaintiff's bicycle struck her vehicle in the rear. However, they also submitted the deposition testimony of the plaintiff, who claimed that as he rode off a driveway curb-cut and into the street, the car operated by Mia Li Martinez cut in front of him, without signaling, as if she were going to turn right at the intersection, which caused his bicycle to strike the rear of the car. In light of the conflicting deposition testimony submitted in support of the motion, the defendants failed to eliminate all triable issues of fact (*see Camarillo v Sandoval*, 90 AD3d 593 [2011]; *Scheker v Brown*,

85 AD3d at 1007; *Reitz v Seagate Trucking, Inc.*, 71 AD3d 975, 976 [2010]; *Oguzturk v General Elec. Co.*, 65 AD3d 1110, 1111 [2009]; *Guerra v Cantos*, 38 AD3d 714, 715 [2007]; *Briceno v Milbry*, 16 AD3d 448, 449 [2005]; *Mohan v Puthumana*, 302 AD2d 437 [2003]; *Rozengauz v Lok Wing Ha*, 280 AD2d 534, 535 [2001]). The plaintiff's testimony was not incredible as a matter of law, and any inconsistencies in his testimony raised an issue of credibility that must be resolved by the fact-finder (*see Camarillo v Sandoval*, 90 AD3d at 593).

Since the defendants did not sustain their prima facie burden, the Supreme Court should have denied their motion regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.