Cruz v Valentine Packaging Corp. (2018 NY Slip Op 08462)





Cruz v Valentine Packaging Corp.


2018 NY Slip Op 08462


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-12697
 (Index No. 6668/14)

[*1]Maxmillion I. Cruz, et al., plaintiffs, 
v
Valentine Packaging Corp., et al., respondents, Marcus D. Rivera, et al., appellants.


The Law Office of David S. Klausner PLLC, White Plains, NY (Stephen Slater of counsel), for appellants.
Schuchman Schwarz & Zoldan-Leite, LLP, New York, NY (Joseph K. Schwarz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Marcus D. Rivera and Pedro A. Cruz-Pena appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 14, 2016. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A vehicle owned by the defendant Marcus D. Rivera and operated by the defendant Pedro A. Cruz-Pena (hereinafter the Rivera/Cruz-Pena vehicle) was struck in the rear by a van owned by the defendant Valentine Packaging Corp., and operated by the defendant Clayton A. Harris. The plaintiffs were passengers in the Rivera/Cruz-Pena vehicle. The plaintiffs subsequently commenced this action against the defendants. Rivera and Cruz-Pena moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied that branch of the motion, and Rivera and Cruz-Pena appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Lisetskiy v Weiss, 123 AD3d 775, 776). A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly (see Fajardo v City of New York, 95 AD3d 820, 821; Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726; Reitz v Seagate Trucking, Inc., 71 AD3d 975, 976).
Here, in support of their motion for summary judgment, Rivera and Cruz-Pena submitted, inter alia, transcripts of the plaintiffs' deposition testimony, which indicated that after the Rivera/Cruz-Pena vehicle lawfully changed lanes, it was gradually slowing down for the traffic [*2]condition ahead when it was struck in the rear by the van operated by Harris. However, they also submitted evidence, including a transcript of Harris's deposition testimony, suggesting that the Rivera/Cruz-Pena vehicle cut in front of the van that Harris was operating and came to a sudden stop, which caused the van to strike the rear of the Rivera/Cruz-Pena vehicle. In light of the conflicting evidence submitted in support of the motion, Rivera and Cruz-Pena failed to establish their prima facie entitlement to judgment as a matter of law (see Goulet v Anastasio, 148 AD3d 783, 784; Fajardo v City of New York, 95 AD3d at 821; Martinez v Martinez, 93 AD3d 767, 768; Camarillo v Sandoval, 90 AD3d 593, 594). Any inconsistencies in Harris's deposition testimony raised an issue of credibility that must be resolved by the factfinder (see Martinez v Martinez, 93 AD3d at 768; Camarillo v Sandoval, 90 AD3d at 594).
Since Rivera and Cruz-Pena failed to meet their initial burden as the movants, we agree with the Supreme Court's denial of that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court