■ William Reitz, Plaintiff/Counterclaim Defendant-Respondent, and Lois Reitz, Respondent, v Seagate Trucking, Inc., et al., Defendants/Counterclaim Plaintiffs-Appellants. [898 NYS2d 173]—

In an action to recover damages for personal injuries, the defendants/counterclaim plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 4, 2008, as granted the plaintiffs' motion for summary judgment on the issue of liability and granted the plaintiff/counterclaim defendant's motion for summary judgment dismissing the counterclaim, and (2) from an order of the same court dated December 4, 2008, which denied their cross motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Lois Reitz on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated August 4, 2008, is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiffs' motion for summary judgment on the issue of liability and the plaintiff/counterclaim defendant's motion for summary judgment dismissing the counterclaim are denied; and it is further,

Ordered that the order dated December 4, 2008, is affirmed, without costs or disbursements.

On the morning of August 27, 2006, the plaintiff Lois Reitz was a passenger in a vehicle operated by the plaintiff/counterclaim defendant, William Reitz, when it was struck from behind by a vehicle owned by the defendant Seagate Trucking, Inc., and operated by the defendant Izzet Cebeci.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see*

*Harrington v Kern*, 52 AD3d 473 [2008]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]). Here, in support of their motion for summary judgment on the issue of liability, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liablity against the defendants by submitting evidence showing that their vehicle had been stopped for approximately one minute when the defendants' vehicle rear-ended their vehicle. In opposition, however, the defendants rebutted the inference of negligence by adducing evidence that the plaintiffs' vehicle suddenly changed lanes directly in front of their vehicle, forcing the defendant Cebeci to stop suddenly (*see Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Morrison v Montzoutsos*, 40 AD3d 717 [2007]; *Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390 [2004]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability and the plaintiff/counterclaim defendant's motion for summary judgment dismissing the counterclaim.

In support of their cross motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Lois Reitz on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendants failed to meet their prima facie burden of establishing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted, inter alia, an affirmed medical report of Dr. Edward A. Toriello, an orthopedist, who examined Lois Reitz on March 25, 2008, and found range-of-motion restrictions in her lumbosacral spine. Similarly, the affirmed medical report of Dr. Mark J. Zuckerman, the defendants' neurologist, found a restriction in Lois Reitz's lumbar spine and stated that she suffers from myofascial pain syndrome as a result of the subject accident. Although both physicians opined that any restrictions were subjective and resulted from preexisting degenerative changes noted in a December 2006 magnetic resonance imaging scan and not the subject accident, they failed to explain or substantiate, with objective medical evidence, the basis for their conclusions (*see Hi Ock Park-Lee v Voleriaperia*, 67 AD3d 734 [2009]; *Moriera v Durango*, 65 AD3d 1024 [2009]; *Busljeta v Plandome Leasing, Inc.*, 57 AD3d 469 [2008]). Accordingly, we need not consider the sufficiency of the papers submitted by the plaintiffs in opposition to the cross motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur.