■ ORANGE AND ROCKLAND UTILITIES, INC., Appellant, v TERRON L. MONROE, Respondent. [993 NYS2d 566]—

In an action to recover damages for injury to property, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated May 20, 2013, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleges that on October 29, 2011, the defendant was driving on Genung Street in Middletown, New York, when he lost control of his vehicle, which then struck a utility pole owned by the plaintiff. The plaintiff commenced this action against the defendant to recover the cost of replacing the utility pole. The plaintiff moved for summary judgment on the complaint and the defendant cross-moved, inter alia, to dismiss the complaint. The Supreme Court denied the motion and the cross motion.

Contrary to the plaintiff's contention, it failed to establish its prima facie entitlement to judgment as a matter of law. The evidence submitted by the plaintiff in support of its motion failed to eliminate all triable issues of fact as to whether the defendant was negligent in the operation of his vehicle, and whether such alleged negligence caused or contributed to the damage to the plaintiff's property (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, its motion was properly denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.