Sooklall v Morisseav-Lafague (2020 NY Slip Op 04339)





Sooklall v Morisseav-Lafague


2020 NY Slip Op 04339


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-06015
 (Index No. 504328/18)

[*1]Ratandeo Sooklall, et al., plaintiffs-respondents,
v
L. Morisseav-Lafague, et al., defendants- respondents, Roger W. Thomas, et al., appellants.


Bardsley, Benedict & Cholden, LLP, New York, NY (Anthony Nwaneri of counsel), for appellants.
Evan W. Kohn, Bronx, NY, for plaintiffs-respondents.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., of counsel), for defendants-respondents L. Morisseav-Lafague and Williamson Jean Lafague.
James G. Bilello, Hicksville, NY (Yamile Al-Sullami of counsel), for defendant-respondent Kristen Flatow.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Roger W. Thomas and Chanticleer Foundation appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 27, 2019. The order granted the plaintiffs' motion for summary judgment on the issue of liability against the defendants Roger W. Thomas and Chanticleer Foundation, and granted the separate cross motions of the defendant Kristen Flatow and the defendants L. Morisseav-Lafague and Williamson Jean Lafague for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.
ORDERED that the appeal from so much of the order as granted those branches of the separate cross motions of the defendant Kristen Flatow and the defendants L. Morisseav-Lafague and Williamson Jean Lafague which were for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed, as the appellants are not aggrieved by those portions of the order (see CPLR 5511; Morales v Amar, 145 AD3d 1000; Mixon v TBV Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the separate cross motions of the defendant Kristen Flatow and the defendants L. Morisseav-Lafague and Williamson Jean Lafague which were for summary judgment dismissing all cross claims insofar as asserted against each of them, and substituting therefor a provision denying those branches of the cross motions; as so modified, the order is affirmed insofar as reviewed, and the cross claims against the defendants Kristen Flatow, L. Morisseav-Lafague, and Williamson Jean Lafague are converted into third-party causes of action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the [*2]defendants Roger W. Thomas and Chanticleer Foundation, and one bill of costs is awarded to the defendants Roger W. Thomas and Chanticleer Foundation, payable by the defendant Kristen Flatow and the defendants L. Morisseav-Lafague and Williamson Jean Lafague, appearing separately and filing separate briefs.
This personal injury action arises from a four-vehicle collision which occurred in September 2017 in Bronx County. The plaintiff Ratandeo Sooklall was operating the lead vehicle at the time of the accident, and the plaintiff Camannie Sooklall owned the lead vehicle and was a passenger in the lead vehicle. The vehicle behind the plaintiffs' vehicle was owned and operated by the defendant Kristen Flatow. The vehicle behind Flatow's vehicle was owned by the defendant L. Morisseav-Lafague and operated by the defendant Williamson Jean Lafague (hereinafter together the Lafagues). The rearmost vehicle was operated by the defendant Roger W. Thomas and owned by the defendant Chanticleer Foundation.
The plaintiffs moved for summary judgment on the issue of liability against Thomas and the Chanticleer Foundation. Flatow cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and the Lafagues separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the motion and both cross motions. Thomas and the Chanticleer Foundation appeal.
A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of a defendant's liability (see Rodriguez v City of New York, 31 NY3d 312; Merino v Tessel, 166 AD3d 760). " A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Catanzaro v Edery, 172 AD3d 995, 996, quoting Witonsky v New York City Tr. Auth., 145 AD3d 938; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Edgerton v City of New York, 160 AD3d 809, 810).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against Thomas and the Chanticleer Foundation. The plaintiffs' affidavits and a certified police accident report demonstrated that the plaintiffs' vehicle was slowing down due to traffic conditions when it was struck in the rear by Flatow's vehicle, which had been propelled into the plaintiffs' vehicle by the Lafagues' vehicle when, due to the negligence of Thomas, the vehicle operated by Thomas and owned by the Chanticleer Foundation struck the rear of the Lafagues' vehicle (see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033; Drakh v Levin, 123 AD3d 1084, 1085; Niyazov v Bradford, 13 AD3d 501). Moreover, contrary to the contention of Thomas and the Chanticleer Foundation, the portion of the police accident report which contained Thomas's admission that the vehicle that he was operating struck the rear of the Lafagues' vehicle, which was slowing down, because his foot missed or slipped off the brake pedal was admissible (see Niyazov v Bradford, 13 AD3d at 502).
In opposition, Thomas and the Chanticleer Foundation failed to raise a triable issue of fact regarding a non-negligent explanation for the rear-end collision (see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034; Edgerton v City of New York, 160 AD3d at 811). Accordingly, we agree with the Supreme Court's determination to grant the plaintiffs' motion for summary judgment on the issue of liability against Thomas and the Chanticleer Foundation.
However, the Supreme Court should have denied that branch of Flatow's cross motion which was for summary judgment dismissing the cross claims insofar as asserted against her. Although Flatow established her prima facie entitlement to judgment as a matter of law, Thomas and the Chanticleer Foundation, in opposition, submitted evidence sufficient to raise a triable issue of fact as to whether Flatow struck the plaintiffs' vehicle prior to any contact between Thomas's vehicle and the Lafagues' vehicle, which allegedly caused additional impacts between Flatow's vehicle and the plaintiffs' vehicle, and whether Flatow was at fault (see Williams v Sala, 152 AD3d 729, 730; [*3]Polanco-Espinal v City of New York, 84 AD3d 914, 915; Vavoulis v Adler, 43 AD3d 1154, 1156).
The Supreme Court also should have denied that branch of the Lafagues' cross motion which was for summary judgment dismissing the cross claims insofar as asserted against them. The Lafagues, who did not submit an affidavit from Williamson Jean Lafague, failed to establish, prima facie, that Williamson Jean Lafague was not at fault (see Hartfield v Seenarraine, 138 AD3d 1060, 1061).
Since the complaint was dismissed insofar as asserted against Flatow and the Lafagues, we convert the cross claims against Flatow and the Lafagues into third-party causes of action (see Cabrera v Shivecharan, 136 AD3d 960; Kumar v PI Assoc., LLC, 125 AD3d 609; Soodoo v LC, LLC, 116 AD3d 1033).
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court