Flood v Fillas (2021 NY Slip Op 00295)





Flood v Fillas


2021 NY Slip Op 00295


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-07058
 (Index No. 701817/15)

[*1]Denise C. Flood, et al., appellants,
v
Elias Fillas, respondent.


Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered March 26, 2019. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, without costs or disbursements.
The front of the defendant's vehicle allegedly struck the rear of a vehicle operated by the injured plaintiff. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendant. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability. The plaintiffs appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Bene v Dalessio, 135 AD3d 679). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Cruz v Valentine Packaging Corp., 167 AD3d 707, 708; see Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726; Reitz v Seagate Trucking, Inc., 71 AD3d 975, 976).
Here, in support of the motion, the plaintiffs submitted a transcript of the injured plaintiff's deposition testimony. The injured plaintiff testified that his vehicle had been stopped in traffic for about 40 seconds when the defendant's vehicle struck it in the rear. This testimony demonstrated, prima facie, that the defendant was negligent in striking the rear of the injured plaintiff's vehicle and that the defendant's negligence was a proximate cause of the accident (see Morgan v Flippen, 173 AD3d 735, 736; Gonzalez v Alvarez, 151 AD3d 814, 815; Bene v Dalessio, 135 AD3d at 680; Reitz v Seagate Trucking, Inc., 71 AD3d at 976). In opposition, however, the defendant submitted an affidavit which raised a triable issue of fact as to whether he had a nonnegligent explanation for striking the rear of the injured plaintiff's vehicle (see Cruz v Valentine Packaging Corp., 167 AD3d at 708-709; Reitz v Seagate Trucking, Inc., 71 AD3d at 976). According to the defendant, the vehicle that the injured plaintiff was operating cut in front of him and came to a sudden stop.
Accordingly, we agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment on the issue of liability.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court