Balanta v Guo Lin Wu (2023 NY Slip Op 05111)

Balanta v Guo Lin Wu

2023 NY Slip Op 05111

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-07970
 (Index No. 512158/19)

[*1]Juan Colorado Balanta, plaintiff,
v
Guo Lin Wu, et al., appellants, Jose Ramirez Castillo, et al., respondents.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellants.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Guo Lin Wu and United Logistics, Inc., appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 21, 2021. The order granted the motion of the defendants Jose Ramirez Castillo and Juan R. Lopez for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Jose Ramirez Castillo and Juan R. Lopez which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants Guo Lin Wu and United Logistics, Inc., are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendants Jose Ramirez Castillo and Juan R. Lopez which was for summary judgment dismissing all cross-claims asserted against them is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Guo Lin Wu and United Logistics, Inc.
On January 4, 2019, the plaintiff, who was a front seat passenger in a vehicle owned by the defendant Juan R. Lopez and operated by the defendant Jose Ramirez Castillo (hereinafter the Castillo/Lopez vehicle), allegedly was injured when the Castillo/Lopez vehicle was struck in the rear by a vehicle owned by the defendant United Logistics, Inc. (hereinafter United), and operated by the defendant Guo Lin Wu (hereinafter the United vehicle). The collision occurred on the Gowanus Expressway near exit 23 in Brooklyn.
The plaintiff commenced this action against the defendants to recover damages for [*2]personal injuries. In their answer, Guo Lin Wu and United Logistics, Inc., asserted a cross-claim against Castillo and Lopez for contribution and indemnification. Thereafter, Castillo and Lopez moved, inter alia, for summary judgment dismissing the cross-claim. The Supreme Court, among other things, granted that branch of Castillo and Lopez's motion. Guo Lin Wu and United appeal.
"[T]o establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident" (Fedrich v Granite Bldg. 2, LLC, 165 AD3d 754, 756 [internal quotation marks omitted]). "[W]here a party is held liable at least partially because of his own negligence, contribution against other culpable tort-feasors is the only available remedy" (Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646). "With respect to contribution, '[t]he critical requirement for apportionment under . . . . CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought'" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 17, quoting Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603).
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817; see Atkins v City of New York, 196 AD3d 622, 623; Grier-Key v Lyons, 195 AD3d 798; Martin v County of Westchester, 194 AD3d 1036). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly" (Despinos-Cadet v Stein, 209 AD3d 978, 980 [internal quotation marks omitted]; see Flood v Fillas, 190 AD3d 828, 829; Cruz v Valentine Packaging Corp., 167 AD3d 707, 708). "There can be more than one proximate cause of an accident. . . . [N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (McAvoy v Eighamri, 219 AD3d 604, 605 [internal quotation marks omitted]; see Martinez v Allen, 163 AD3d 951, 951-952).
Here, in support of their motion, Castillo and Lopez submitted transcripts of their own respective deposition testimonies, which established that the Castillo/Lopez vehicle was stopped at the time that it was struck in the rear by the United vehicle. This evidence demonstrated, prima facie, that Castillo was not negligent, and that Guo Lin Wu's negligence in striking the rear of the Castillo/Lopez vehicle was the sole proximate cause of the accident (see Bello v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727; Flood v Fillas, 190 AD3d at 829; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 967). Thus, Castillo and Lopez established their prima facie entitlement to judgment as a matter of law dismissing the cross-claim against them for contribution and indemnification.
However, in opposition, Guo Lin Wu and United raised triable issues of fact. At his deposition, Guo Lin Wu testified that the Castillo/Lopez vehicle changed lanes abruptly in front of the United vehicle and then came to a sudden stop. Guo Lin Wu's deposition testimony, if true, would constitute a nonnegligent explanation for his actions, and would establish that Castillo's negligence was a proximate cause of the accident (see Matzen v Armstrong, 190 AD3d 848, 849; Flood v Fillas, 190 AD3d at 829; Martinez v Allen, 163 AD3d at 952). The differing versions of events raised issues of credibility to be resolved by the factfinder (see Merino v Tessel, 166 AD3d 760, 761).
Accordingly, the Supreme Court should have denied that branch of Castillo and Lopez's motion which was for summary judgment dismissing the cross-claim asserted against them.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court