Arnone v Asatiani (2024 NY Slip Op 50858(U))

[*1]

Arnone v Asatiani

2024 NY Slip Op 50858(U)

Decided on July 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 8, 2024
Supreme Court, Kings County

John Arnone, Plaintiff,

against
Lavrenti Asatiani and Kote Transportation, Inc., Defendants.

Index No. 525100/2019

James F. Butler & Associates, Jericho (Robert M. Smith of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff in Support of Motion
NYSCEF Doc No. 11: Notice of motion
NYSCEF Doc No. 12: Jonathan P. Shahabian affirmation in support
NYSCEF Doc No. 13: Statement of material facts
NYSCEF Doc No. 14: Exhibit A, summons & complaint
NYSCEF Doc No. 15: Exhibit B, answer
NYSCEF Doc No. 16: Exhibit C, John Arnone affidavit
[*2]Submitted by Defendants in Opposition to Motion
NYSCEF Doc No. 19: Counter-statement of facts
NYSCEF Doc No. 20: Nancy Goodman affirmation in opposition
NYSCEF Doc No. 21: Exhibit A, Lavrenti Asatiani affidavit
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.
Background
This is an action commenced by Plaintiff John Arnone, seeking to recover damages for alleged personal injuries that he sustained from a motor vehicle accident on May 21, 2019. Plaintiff is moving for summary judgement pursuant to CPLR 3212, to find Defendant driver Lavrenti Asatiani negligent as a matter of law and Plaintiff free of any comparative negligence, i.e., to determine the issue of liability in Plaintiff's favor (see NYSCEF Doc No. 11, notice of motion).
On May 21, 2019, on the eastbound Long Island Expressway in the Town of Oyster Bay, a vehicle owned by Defendant Kote Transportation and operated by Defendant Lavrenti Asatiani struck the rear of a vehicle owned and operated by Plaintiff John Arnone.
Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Flood v Fillas, 190 AD3d 828, 828 [2d Dept 2021]; see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Bene v Dalessio, 135 AD3d 679 [2d Dept 2016]). "A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the [*3]defendant to stop suddenly" (Cruz v Valentine Packaging Corp., 167 AD3d 707, 708 [2018]; see Menelas v Yearwood-Bobb, 100 AD3d 603 [2d Dept 2012]; Ortiz v Hub Truck Rental Corp., 82 AD3d 725 [2d Dept 2011]; Reitz v Seagate Trucking, Inc., 71 AD3d 975 [2d Dept 2010]).
Plaintiff established his prima facie entitlement to summary judgement by submitting an affidavit in which he stated that his vehicle came to a "gradual and complete stop" on the Long Island Expressway, when the vehicle operated by Asatiani struck the rear of his vehicle (see NYSCEF Doc No. 16, Arnone ¶ 7).
In opposition, however, Defendants offered Asatiani's explanation of what occurred through Asatiani's affidavit (see NYSCEF Doc No. 21, Asatiani aff). According to Asatiani, Plaintiff's vehicle, a GMC van, was initially behind his. Plaintiff drove very erratically, weaving in and out of the three lanes on the expressway at a high rate of speed. Plaintiff's vehicle then exited the expressway at Exit 46. As Asatiani continued eastbound on the expressway, he observed Plaintiff's vehicle re-enter the expressway in the eastbound direction at a high rate of speed. Plaintiff was in the right lane. Traffic slowed down and so too did Asatiani. Plaintiff suddenly swerved from the right lane into the middle lane, directly in front of Asatiani's vehicle, without using the left turn signal. In doing so at a relatively high speed amidst slowing traffic, Plaintiff's vehicle struck the rear of the vehicle ahead of it, a Ford pickup truck, and consequently stopped short in front of Asatiani's path, thereby causing Asatiani to apply his brakes in an attempt to avoid contact. However, Asatiani did strike Plaintiff, i.e., this was a second impact. (Id. ¶ 4.)
As described by Asatiani, Plaintiff's actions — driving aggressively, leaving the expressway and re-entering, swerving in front of Asatiani without signaling, and striking the vehicle in front of Plaintiff — viewed in the light most favorable to Defendants, as the nonmoving parties, constituted a nonnegligent explanation for the accident at issue, thereby creating material issues of fact for a jury to determine, to wit, whether Asatiani was negligent and whether Plaintiff was comparatively negligent.
Conclusion
IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York