Timmons v Logan Bus Co., Inc. (2024 NY Slip Op 03903)

Timmons v Logan Bus Co., Inc.

2024 NY Slip Op 03903

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-09471
 (Index No. 519970/19)

[*1]Ayoola Timmons, plaintiff-respondent, 
v
Logan Bus Co., Inc., et al., appellants, Tae Seok Kim, defendant- respondent.

Bamundo Zwal Schermerhorn & Caffrey, LLP, New York, NY (Michael C. Zwal and Mark A. Longo of counsel), for appellants.
Koenigsberg & Associates, P.C. (Paul D. Koenigsberg and Pollack, Pollack, Isaac & DeCicco, LLP , New York, NY [Brian J. Isaac], of counsel), for plaintiff-respondent.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Logan Bus Co., Inc., and Luis R. Picardo appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated October 27, 2022. The order denied those defendants' cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff was a passenger in a minibus owned by the defendant Logan Bus Co., Inc., and operated by the defendant Luis R. Picardo (hereinafter together the Logan defendants), when the minibus was struck in the rear by a vehicle operated by the defendant Tae Seok Kim. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of the accident. The Logan defendants cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The Supreme Court denied the cross-motion. The Logan defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Cruz v Valentine Packaging Corp., 167 AD3d 707, 708). A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly (see Balanta v Guo Lin Wu, 220 AD3d 720, 721; Flood v Fillas, 190 AD3d 828, 829).
"'There can be more than one proximate cause of an accident, and a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Napier v Gleberman, 212 [*2]AD3d 829, 830, quoting Martinez v Allen, 163 AD3d 951, 951; see McAvoy v Eighamri, 219 AD3d 604, 605). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (Martinez v Allen, 163 AD3d at 951-952, quoting Tutrani v County of Suffolk, 64 AD3d at 59-60).
Here, in support of their cross-motion, the Logan defendants submitted evidence that presented divergent accounts of the accident. Picardo testified at his deposition that he was traveling in the right lane of the Belt Parkway prior to the accident and was not changing lanes when the accident occurred. In contrast to Picardo's deposition testimony, the plaintiff and Kim testified at their depositions that Picardo was changing lanes when the accident occurred. According to the plaintiff, Picardo was moving from the middle lane to the right lane when the accident occurred. According to Kim, Picardo suddenly changed from an exit lane into Kim's lane prior to the accident, and as soon as Picardo entered into Kim's lane, Picardo came to a "hard stop."
In light of the parties' conflicting versions regarding the happening of the accident, the Logan defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Goulet v Anastasio, 148 AD3d 783, 784; Fajardo v City of New York, 95 AD3d 820, 821; Martinez v Martinez, 93 AD3d 767, 768; Camarillo v Sandoval, 90 AD3d 593, 594). Accordingly, the Supreme Court properly denied the Logan defendants' cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court