**Glover v Astor Ct. Owners Corp.**

2024 NY Slip Op 33406(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 156138/2021

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JUDY H. KIM                        PART                    04
                                                     *Justice*

------------------------------------------------------------------------X

ANTHONY GLOVER,                                      INDEX NO.        156138/2021

                         Plaintiff,                  MOTION DATE      01/31/2024

                                                     MOTION SEQ. NO.      002
        - v -

ASTOR COURT OWNERS CORP., DOUGLAS ELLIMAN
PROPERTY MANAGEMENT,                                 **DECISION + ORDER ON**
                                                     **MOTION**
                         Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, defendants' motion for summary judgment is denied.

In this negligence action, plaintiff alleges that while working as a FedEx delivery person, he slipped and fell on a muddy condition at 205 W. 89th Street, New York, New York (the "Building"), owned and operated by defendants, sustaining injuries. At his examination before trial, plaintiff testified that he entered the Building through an open door, without encountering any doorman, and walked up to the second floor where he delivered his package to its recipient (NYSCEF Doc. No. 43 [Glover EBT at pp. 51-56]). Plaintiff further testified that, on his way back down the stairs, he slipped and fell on a muddy condition (Id. at pp. 59-65)

Defendants now move for summary judgment arguing that the evidence demonstrates that the plaintiff did not fall in the Building. Defendants point, specifically, to the EBT testimony and affidavits of Kieran O'Connor—the Building's resident manager—and Skender Maxhara, the doorman on duty on the date of the alleged accident, who assert that the Building was under

**156138/2021  GLOVER, ANTHONY vs. ASTOR COURT OWNERS CORP. ET AL**                    **Page 1 of 4**
**Motion No.  002**

1 of 4

COVID-19 restrictions on that date such that delivery personnel were not permitted entry (See NYSCEF Doc. Nos. 45 [Kaval EBT Tr. at p. 25], 46 [O'Connor EBT Tr. at pp. 52, 64, 74], 50 [O'Connor Aff.] and 51 [Maxhara Aff.]). Defendants further submit Building Link records and Federal Express records which, they argue, demonstrate that the package delivered by plaintiff was left with the Building's doorman at the front door (NYSCEF Doc. Nos. 47-49). Finally, they note that plaintiff, in his EBT testimony, could not recall various features of the Building, such as the doorman's desk, the Christmas tree in lobby, or the stair's wrought iron railing, documented in photos they submit (NYSCEF Doc. Nos. 52-56). In opposition, plaintiff argues that defendants' motion is predicated upon the self-serving version of events of their employees, who have a personal stake in disputing plaintiff's version of events, and is therefore insufficient to establish their entitlement to summary judgment. Plaintiffs also note that Maxhara, the doorman on the duty on the date in question, stated in his affidavit that he does not recall the delivery in question, as he accepts many such deliveries (See NYSCEF Doc. No. 51 [Maxhara Aff. at ¶¶4, 9])

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

In this case, summary judgment is inappropriate as triable issues of fact remain as to the circumstances of plaintiff's accident including, most notably, whether plaintiff entered the

156138/2021  GLOVER, ANTHONY vs. ASTOR COURT OWNERS CORP. ET AL
Motion No. 002

Page 2 of 4

Building or was stopped at the front door. The resolution of this question necessarily falls to the fact-finder, who can assess the credibility of plaintiff's testimony that he entered the Building without impediment as against defendants' evidence that it was, effectively, impossible for him to do so (See e.g., Balanta v Wu, 220 AD3d 720, 722 [2d Dept 2023] [while testimony that plaintiff's car was stopped when it was struck in the rear by defendant's vehicle made out prima facie case, defendant's EBT testimony that plaintiff's vehicle changed lanes abruptly in front of defendant's car and then came to a sudden stop created issue of fact as to the parties' negligence that "raised issues of credibility to be resolved by the factfinder"]).

Accordingly, it is

**ORDERED** that defendants' motion for summary judgment is denied; and it is further

**ORDERED** that plaintiff shall, within fifteen days of the date of this decision, serve a copy of this decision and order with notice of entry on defendants; and it is further

**ORDERED** that plaintiff shall, within fifteen days of the date of this decision, serve a copy of this decision and order, with notice of entry, upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the

"EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

9/26/2024
DATE

HON. JUDY H. KIM, J.S.C.

CHECK ONE:

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|
| | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:  | | SETTLE ORDER  | | SUBMIT ORDER

CHECK IF APPROPRIATE:  | | INCLUDES TRANSFER/REASSIGN  | | FIDUCIARY APPOINTMENT  | | REFERENCE

156138/2021  GLOVER, ANTHONY vs. ASTOR COURT OWNERS CORP. ET AL
Motion No.  002

Page 4 of 4

[* 4]