Pei-Qin Wang v Rodriguez (2025 NY Slip Op 00971)

Pei-Qin Wang v Rodriguez

2025 NY Slip Op 00971

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-09480
 (Index No. 707313/22)

[*1]Pei-Qin Wang, appellant, 
v
Olga Marina Rodriguez, et al., respondents.

Caesar, Napoli & Spivak PLLC, New York, NY (Christian J. Kubic and Angeliou Schillinger of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson and Nate Drexler of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered July 5, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a vehicle she was operating on the Belt Parkway in Brooklyn was struck in the rear by a vehicle owned by the defendant U-NOCS, INC., and operated by the defendant Olga Marina Rodriguez. The plaintiff moved for summary judgment on the issue of liability. In an order entered July 5, 2023, the Supreme Court denied the motion. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under prevailing conditions to avoid colliding with the other vehicle'" (Fischetti v Simonovsky, 227 AD3d 670, 671 [internal quotation marks omitted], quoting Ordonez v Lee, 177 AD3d 756, 757; see Vehicle and Traffic Law § 1129[a]). "'Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision'" (Whaley v Carvana N.Y. City, 219 AD3d 1561, 1562, quoting Scheker v Brown, 85 AD3d 1007, 1007; see Mahmud v Feng Ouyang, 208 AD3d 861, 861). "'A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly'" (Martin v PTM Mgt. Corp., 214 AD3d 782, 783 [internal quotation marks omitted], quoting Flood v Fillas, 190 AD3d 828, 828).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her affidavit, in which she averred that the vehicle operated by Rodriguez struck the rear of her vehicle when she was traveling in the far left lane at a consistent rate of speed without slowing down or stopping (see Whaley v Carvana N.Y. City, 219 AD3d at 1562; Mahmud v Feng Ouyang, 208 AD3d at 862). However, in opposition, the [*2]defendants raised a triable issue of fact as to whether Rodriguez had a nonnegligent explanation for striking the rear of the plaintiff's vehicle. The defendants submitted an affidavit of Rodriguez wherein she averred that the accident occurred when the plaintiff abruptly changed lanes and caused the plaintiff's vehicle to come into contact with the vehicle operated by Rodriguez (see Balanta v Guo Lin Wu, 220 AD3d 720, 722; Flood v Fillas, 190 AD3d at 828).
Since the uncertified police accident report submitted by the plaintiff in support of the motion was inadmissible, we do not reach the plaintiff's contention that Rodriguez's affidavit should be disregarded as a feigned attempt to avoid the consequences of the admission Rodriguez purportedly made to the police officer who prepared the accident report (see Laureano v EAN Holdings, LLC, 225 AD3d 754, 756; Yassin v Blackman, 188 AD3d 62, 68).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
The defendants' remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court