Hernandez v Interior Masters Group of NY Inc. (2025 NY Slip Op 51875(U))

[*1]

Hernandez v Interior Masters Group of NY Inc.

2025 NY Slip Op 51875(U)

Decided on November 25, 2025

Supreme Court, Queens County

Dunn, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, Queens County

Jose Hernandez and LUIS HERNANDEZ, Plaintiffs,

against
Interior Masters Group of NY Inc., PATRICK J. TECZA, 
 IBRAHIMA BAH, and LYFT, INC., Defendants.

Index No. 725855/2023

For the Plaintiff:
Shalom Law, PLLC
Attorneys for the Plaintiff
105-13 Metropolitan Avenue
Forest Hills, NY 11375
By: Jonathan Shalom, Esq.
For the Defendant Interior Masters Group of NY Inc.:
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP
30 Jericho Executive Plaza
Jericho, NY 11753
By: Maureen Quinn, Esq.
For the Defendant Lyft, Inc.:
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street, Suite 2100
New York, NY 10005
By: Kevin Zimmerman, Esq. For the Defendant Ibrahima Bah:
Baker, McEvoy, & Moskovits
5 Broadway, Suite 3
Freeport, NY 11520
By: Michael A. Fritz, Esq.

Scott Dunn, J.

The e-filed papers bearing NYSCEF Doc. Nos. 19-26, 29-49, and 51-69, were read on the (i) motion of the Plaintiffs JOSE HERNANDEZ and LUIS HERNANDEZ (together, the "Plaintiffs"), pursuant to CPLR § 3212 seeking, inter alia, summary judgment on the issue of liability and striking all affirmative defenses and cross-claims as to comparative/contributory negligence on the part of the Plaintiffs; (ii) cross-motion of defendant IBRAHIMA BAH ("Bah"), pursuant to CPLR § 3212 dismissing the complaint and all cross claims; and (iii) cross-motion of defendant LYFT, INC. ("Lyft"), pursuant to CPLR § 3212 seeking summary judgment dismissing the complaint as against Lyft.
I. BACKGROUND
The Plaintiffs commenced this action on December 7, 2023, to recover damages in connection with a motor vehicle accident that took place on September 22, 2023 (Doc. Nos. 1 and 25). 
In this action, the Plaintiffs allege that they were passengers in a motor vehicle owned and operated by Bah, and that the vehicle they were travelling in was rear-ended on the Brooklyn-Queens Expressway at or near the Kosciuszko Bridge, in Queens County, New York (Doc. No. 25). According to the Plaintiffs the vehicle that rear-ended them was owned by defendant INTERIOR MASTERS GROUP OF NY INC. ("Interior Masters") and operated by defendant PATRICK J. TECZA ("Tecza") (Doc. No. 25 ¶¶ 4-5). The Plaintiffs also allege with respect to Lyft, inter alia, that the accident occurred while Bah "was in the course of his employment" with Lyft (Doc. No. 25 ¶¶ 7-9). At the time of the accident plaintiff Luis Hernandez ("Luis") was in the front passenger seat of Bah's vehicle and defendant Jose Hernandez ("Jose") was seated in the rear (Doc. No. 25 ¶ 10). 
Bah's affidavit submitted in opposition to the Plaintiffs' motion and in support of his cross-motion avers that he was operating his vehicle in "stop and go traffic on the Kosciuszko Bridge" when he was suddenly and without warning rear-ended (Doc. No. 47). Neither Luis nor Jose submitted a rebuttal affirmation. Tecza, in opposition, avers that there was nothing he could "do to avoid this accident" as Bah's vehicle "cut into" his lane, "cut [him] off" and then "stopped short" and "stopped suddenly" (Doc. No. 53 ¶¶ 6 and 8).
II. DISCUSSION
On a motion for summary judgment the movant has the initial burden of submitting sufficient evidence eliminating any material issues of fact and demonstrating a prima facie entitlement to judgment as a matter of law (see Giuffrida v Citibank Corp., 100 NY2d 72, 81 [2003]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "Only if the movant succeeds in meeting its burden will the burden shift to the opponent to demonstrate through legally sufficient evidence that there exists a triable issue of fact" (Richardson v County of Nassau, 156 AD3d 924, 925 [2d Dept 2017]). Thus, where the movant fails to satisfy its initial burden, summary judgment is denied regardless of the sufficiency of the opposing papers (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). Further, in determining a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party and give the nonmoving party the benefit of every favorable inference (see Ruggiero v DePalo, 153 AD3d 870, 871-72 [2d Dept 2017]).
A. The Plaintiffs' Motion
The Plaintiffs urge, that as "innocent passengers," summary judgment in their favor on the issue of liability is warranted regardless of any potential issues of comparative negligence between the operators of the two vehicles involved in the accident (Doc. No. 20 ¶¶ 15-17). Although a "plaintiff's right as an innocent passenger to summary judgment on the issue of liability is not barred or restricted by any potential issue of comparative fault as between the owners and operators of the two vehicles involved in the accident" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24-25 [2d Dept 2015]), a plaintiff must still first demonstrate his or her status as an innocent passenger at the time of the accident (see Medina v Rodriguez, 92 AD3d 850 [2d Dept 2012]). 
Here, the Plaintiffs fail to present any evidence to establish, prima facie, that they are innocent passengers entitled to summary judgment. The sole evidence relied upon by the Plaintiffs in support of their motion is the document proffered by Luis entitled "affirmation" (Doc. No. 25). This document is also referred to throughout the Plaintiffs' papers as an "affirmation."[FN1]
The document however, is "inadmissible as it [does] not contain the language required by CPLR 2106" (Great Lakes Ins. SE v Am. S.S. Owners Mut. Protection and Indem. Assn. Inc., 228 AD3d 429, 429 [1st Dept 2024]; see generally Sweet v Fonvil, 227 AD3d 849, 851 [2d Dept 2024], lv denied, 41 NY3d 906 [2024]; Sanchez-Trujillo v Beach 119, LLC, 225 AD3d 726 [2d Dept 2024]).
Pursuant to CPLR § 2106, effective January 1, 2024, "any person" may submit an affirmation "in lieu of and with the same force and effect" as an affidavit in an action in New York. This amendment has been characterized as "the most significant change to the CPLR in the twenty-first century" (Patrick M. Connors, The Blockbuster Amendment to CPLR 2106 Permitting Any Person to Submit an Affirmation in Lieu of an Affidavit, 98 St John's L Rev 375, 381 [2024]).
As relevant here, CPLR 2106 provides that any person submitting an "affirmation" use the following language, or language that is "substantially" similar to the following:
I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.
Here, the affirmation submitted by Luis in support of the Plaintiffs' motion is inadmissible as it "does not encompass the requisite language or language substantially reflective of that required in the statute" (G and G Funding Group LLC v Rocco's Landscaping and Concrete Serv. LLC, 86 Misc 3d 1264(A), 2025 WL 2502985 [Sup Ct, Kings County 2025]). First, the affirmation contains no recognition as to the jurisdiction of the "laws of New York" (CPLR 2106). Second, the language of the affirmation is devoid of any awareness of the concept of "perjury" or of the potential penalties for perjury "which may include a fine or imprisonment" (CPLR 2106). These omissions in Luis' affirmation are not mere irregularities. Indeed, acknowledgement in written form by an affirmant of the concept of perjury and the related potential consequence for perjury is fundamental to the trustworthiness of the document, and as a corollary, is fundamental to the court's reliance on the document, as these words bring forth to the mind of an affirmant "the import and seriousness of their statements" (Zhou v Cent. Radiology, PC, 84 Misc 3d 410, 419 [Sup Ct, Queens County 2024]), and impresses upon them the gravity of their words (see Grandsard v Hutchison, 2024 WL 1957086 [Sup Ct, New York County 2024], affd, 227 AD3d 491 [1st Dept 2024]; see also Matter of Neftali D., 85 NY2d 631, 635-36 [1995] ["A verification attesting to the truth of the contents of a document on penalty of perjury is of the same effect as a testimonial oath, which at once alerts a witness to the moral duty to testify truthfully and establishes a legal basis for a perjury prosecution . . . . This verification procedure is intended to assure a measure of reliability regarding the contents of the petition"]; Brown v Ristich, 36 NY2d 183, 189 [1975] [explaining that an oath is carried out in "civil and criminal cases to serve two functions: (1) to awaken the witness to his moral duty to tell the truth, and (2) to deter false testimony by providing a legal ground for perjury prosecutions"]). Accordingly, Luis' affirmation, which lacks this core requirement "is not in admissible form and cannot be relied upon as proof of facts set forth therein" (R.F. v L.K., 82 Misc 3d 1221[A], 2024 WL 1453060 [Sup Ct, Westchester County 2024]; see Grandsard v Hutchison, 227 AD3d 491 [1st Dept 2024] [affirming trial court decision that found the petition to be defective because the affirmation was not in compliance with CPLR 2106 inasmuch as it merely affirmed "under the penalty of perjury" without reference to the specific penalties for perjury]; Great Lakes Ins. SE v Am. S.S. Owners Mut. Protection and Indem. Assn. Inc., 228 AD3d 429, 429 [1st Dept 2024] [affirming trial court decision that found the subject affirmation to be "inadmissible as it did not contain the language required by CPLR 2106" and as noted by the trial court (2024 NY Slip Op. 30148[U], 2024 WL 144976 [Sup Ct, New York County 2024]), the subject affirmation stated that it was made "under the penalties of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746"); see also G and G Funding Group LLC v Rocco's Landscaping and Concrete Serv. LLC, 86 Misc 3d 1264(A), 2025 WL 2502985 [Sup Ct, Kings County 2025]; Saez v Lyka Taxi Inc., 2025 NY Slip Op 31900[U], 2025 WL 1542326 [Sup Ct, New York County 2025]; Zhou v Cent. Radiology, PC, 84 Misc 3d 410 [Sup Ct, Queens County 2024]); Diego Beekman Mut. Hous. Assn. Hous. Dev. Fund Corp. v [*2]Hammond, 81 Misc 3d 1244(A), 2024 WL 632619 [Civ Ct, Bronx County 2024]).[FN2]

Moreover, even if the affirmation was admissible, it would likely be insufficient to meet the Plaintiffs' prima facie burden to demonstrate that the Plaintiffs were innocent passengers. It is well settled that summary judgment is a "drastic remedy" only to be granted where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). To this end, a conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden on summary judgment (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-85 [2005]; Warrington v Ryder Truck Rental, Inc., 35 AD3d 455, 456 [2d Dept 2006]; Delosh v Amyot, 186 AD3d 1793, 1794 [3d Dept 2020]). Here, Luis' affirmation says nothing with respect to the claim that the Plaintiffs were "innocent" passengers and did nothing to contribute to the accident. Indeed, the only mention related to the Plaintiffs' status as "innocent" passengers is their attorney affirmation stating in conclusory fashion that the Plaintiffs were "innocent passengers" (see Doc. No. 20 ¶ 15). The Plaintiffs' attorney's affirmation not based on personal knowledge is also of no probative value (see Nerayoff v Khorshad, 168 AD3d 866, 867 [2d Dept 2019]; Flagstar Bank, FSB v Titus, 120 AD3d 469, 470 [2d Dept 2014]; Spearmon v Times Sq. Stores Corp., 96 AD2d 552, 553 [2d Dept 1983]). 
As set forth above, the Plaintiffs failed to meet their initial burden, and therefore, the burden never shifted to the nonmoving parties "to persuade the court against summary judgment" (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]). In other words, since the Plaintiffs have not met their prima facie burden, their motion for summary judgment must be denied regardless of the sufficiency of the opposition papers (see e.g. Orange and Rockland Util., Inc. v Monroe, 121 AD3d 655 [2d Dept 2014]; Rentz v Modell, 262 AD2d 545, 546 [2d Dept 1999]).
B. Bah's Cross-Motion 
Bah seeks summary judgment dismissing the Plaintiffs' complaint and all cross-claims. Bah urges that he is not liable for the accident as a matter of law because his vehicle was hit in the rear by Tecza. 
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672 [2d Dept 2010]; see also Sooklall v L. Morisseav-Lafague, 185 AD3d 1079, 1081 [2d Dept 2020]; Catanzaro v Edery, 172 AD3d 995, 996 [2d Dept 2019]; Comas-Bourne v City of New York, 146 AD3d 855, 856 [2d Dept 2017]; Cheow v ChengLin Jin, 121 AD3d 1058 [2d Dept 2014]; Billis v Tunjian, 120 AD3d 1168, 1169 [*3][2d Dept 2014]). To that end, it is well-settled that "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817 [2d Dept 2022]; see also Sooklall v L. Morisseav-Lafague, 185 AD3d 1079, 1081 [2d Dept 2020]; Edgerton v City of New York, 160 AD3d 809, 810 [2d Dept 2018]; Comas-Bourne v City of New York, 146 AD3d 855, 856 [2d Dept 2017]). 
However, not every rear-end collision is the exclusive fault of the rear driver (see McAvoy v Eighamri, 219 AD3d 604 [2d Dept 2023]; Martinez v Allen, 163 AD3d 951 [2d Dept 2018]; Tutrani v County of Suffolk, 64 AD3d 53 [2d Dept 2009]; Gaeta v Carter, 6 AD3d 576 [2d Dept 2004]; Purcell v Axelsen, 286 AD2d 379 [2d Dept 2001]). The front driver also has a duty "'not to stop suddenly or slow down without proper signaling so as to avoid a collision"' (Martinez, 163 AD3d at 952, quoting Tutrani, 64 AD3d at 60 [2d Dept 2009]).
A nonnegligent explanation for a rear end collision may include where the "[front] vehicle changed lanes abruptly in front" of another vehicle "and then came to a sudden stop" (Balanta v Wu, 220 AD3d 720, 722 [2d Dept 2023]; see also Timmons v Logan Bus Co., Inc., 229 AD3d 734 [2d Dept 2024] ["A nonnegligent explanation may include that a vehicle made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly"]).
Here, the affidavit of Bah (Doc. No. 47) is prima facie evidence that Tecza was negligent insofar as Tecza rear-ended Bah's vehicle. However, in opposition, Tecza raises triable issues of fact. Tecza's affirmation avers that there was nothing he could "do to avoid this accident" as Bah's vehicle "cut into" his lane, "cut [him] off" and then "stopped short" and "stopped suddenly" (Doc. No. 53 ¶¶ 6 and 8). Tecza's affirmation, if true, may constitute a nonnegligent explanation for his actions, and would establish that [Bah's] negligence was a proximate cause of the accident (see Balanta v Wu, 220 AD3d 720, 722 [2d Dept 2023]). The differing version of events between Bah and Tecza raise issues "of credibility to be resolved by the factfinder" (Balanta, 220 AD3d at 722). Accordingly, Bah's motion for summary judgment must be denied (id; Ruggiero v DePalo, 153 AD3d 870, 872 [2d Dept 2017] [a motion for summary judgment should not be granted where facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility]).
C. Lyft's Cross-Motion
In this action, the claims asserted by the Plaintiffs against Lyft are based on a theory of vicarious liability relating to the purported negligence of Bah. To this end, the Plaintiffs' negligence claim against Lyft is derivative of the claim against Bah. In its cross-motion for summary judgment, Lyft seeks dismissal of the complaint on the sole contention that Bah was not negligent in operating his vehicle, and that therefore, by extension, Lyft cannot be found liable (Doc. No. 30 ¶ 6 and Doc. No. 69 ¶ 5).
Lyft is correct that "[a] claim of vicarious liability cannot stand when 'there is no primary liability upon which such a claim of vicarious liability might rest"' (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826 [2d Dept 2022], quoting Karaduman v Newsday, Inc., 51 NY2d 531, 546 [1980]). However, as set forth above, issues of fact exist as to Bah's negligence in causing the accident. Accordingly, Lyft's cross-motion for summary judgment is denied.
[*4]III. Conclusion
For the reasons set forth above, it is hereby,
ORDERED that the Plaintiffs' motion is denied; and it is further,
ORDERED that defendant Bah's cross-motion is denied; and it is further,
ORDERED that defendant Lyft's cross-motion is denied.
This constitutes the Decision and Order of the Court.
Dated: Long Island City, New York
November 25, 2025
SCOTT DUNN, J.S.C.

Footnotes

Footnote 1:See Doc. No. 20 ¶¶ 8, 22 and Doc. No. 21 at fn. 1-10 and 12.

Footnote 2:The Court notes that to the extent the document was intended to be an affidavit, the document would also be defective because it does not contain a jurat and the Plaintiffs did not cure the deficiency of the affidavit (or affirmation) in reply despite having been put on notice by Tecza and Interior Masters in opposition that they were contesting its admissibility for noncompliance with CPLR 2106 (see Kallo v Kane St. Synagogue, 241 AD3d 522, 524 [2d Dept 2025]; Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019]; Clarke v Brooklyn Union Gas Co., 297 AD2d 779, 781 [2d Dept 2002]; Laventure v McKay, 266 AD2d 516, 517 [2d Dept 1999]).